IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DANIELLE GOINS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:16-CV-363 (CDL) |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| DANIELLE GOINS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:16-CV-364 (CDL) |
| UNITED STATES OF AMERICA and JEROME BROOKS, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Plaintiff Danielle Goins was employed at Martin Army Community Hospital. She filed two separate actions in the Municipal Court of Columbus, Georgia alleging that she was terminated from her job due to the false statements of three coworkers and another individual. In the first action, Goins asserts claims for "Defamation and Libel," alleging that two of her Martin Army colleagues, Jessica Brooks and Andrea Taylor, "[f]abricated a false alleged incident that resulted in [Goins] getting terminated from Martin Army Community Hospital." Notice

of Removal Ex. A, Compl. 1, ECF No. 1-1 in 4:16-cv-363. In the second action, Goins asserts claims for "Defamation and Libel," alleging that one of her Martin Army colleagues, Melanie Smizawski, "reported false and malicious incidents that resulted in [Goins] getting terminated from Martin Army Community Hospital." Notice of Removal Ex. A, Compl. 1, ECF No. 1-1 in 4:16-cv-364. Goins also asserts in the second action that Jerome Brooks, who is not alleged to be a colleague of Goins, wrote a letter containing "malicious and false" information that resulted in Goins's termination from Martin Army. *Id.*

The United States of America removed both actions to this Court under 28 U.S.C. § 1442(a) and certified that Jessica Brooks, Andrea Taylor, and Melanie Smizawski were acting in the scope of their employment when the alleged acts that gave rise to the actions occurred. Certification of Scope of Employment, ECF No. 2-1 in 4:16-cv-363; Certification of Scope of Employment, ECF No. 2-1 in 4:16-cv-364. Based on those certifications, the United States has been substituted as a Defendant in both actions under 28 U.S.C. § 2679(d). The United States is now the sole Defendant in 4:16-cv-363, and the United States was substituted as Defendant for Smizawski in 4:16-cv-364. Jerome Brooks remains a Defendant in 4:16-cv-364. Goins did not respond to the Government's motions to dismiss and did

2

not present any argument or evidence that the Government's certifications of scope of employment were improper.

The United States now seeks dismissal of Goins's claims against it for lack of subject matter jurisdiction. The United States "is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). Under the Federal Tort Claims Act, the United States has waived its sovereign immunity in limited circumstances. *See* 28 U.S.C. § 1346(b)(1). But "[i]f there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya*, 781 F.3d at 1322. Exceptions to the Federal Tort Claims Act are "'strictly construed in favor of the United States,' and when an exception applies to neutralize what would otherwise be a waiver of immunity, a court will lack subject matter jurisdiction over the action." *Id.* (quoting *JBP Acquisitions, LP v. United States ex rel. FDIC*, 224 F.3d 1260, 1263-64 (11th Cir.2000)).

28 U.S.C. § 2680 "lists exceptions to the United States' waiver of sovereign immunity." *Id.* at 1323. One such exception is the exception for libel and slander claims. *See* 28 U.S.C. § 2680(h) (stating that the limited waiver of sovereign immunity shall not apply to any claims arising out of libel and slander). Here, Goins asserts "Defamation and Libel"

3

claims, contending that three of her federal employee coworkers fabricated allegations that resulted in her termination. Thus, Goins's claims based on the conduct of Jessica Brooks, Andrea Taylor, and Melanie Smizawski are in the nature of libel and slander claims against the United States. Because the United States did not waive sovereign immunity for such claims, Goins's claims against the United States in both actions are "subject to dismissal for lack of subject matter jurisdiction." *Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015) (dismissing, for lack of subject matter jurisdiction, a postal employee's libel and slander claims that were based on his federal employee coworkers' statements that led to his discipline). For these reasons, the Court grants the Government's Motions to Dismiss (ECF No. 3 in 4:16-cv-363, ECF No. 3 in 4:16-cv-364). All claims against the United States in both actions are dismissed.

No claims remain pending in 4:16-cv-363. In 4:16-cv-364, Goins's claims against Jerome Brooks remain pending. In her Complaint in 4:16-cv-364, Goins asserts state law defamation and libel claims against Jerome Brooks, seeking $15,000 in damages. Goins alleges that Jerome Brooks is a Georgia resident. Based on the face of the Complaint, Goins does not assert any claims that arise under federal law, and she does not allege any facts to suggest that diversity jurisdiction exists under 28 U.S.C. § 1332. The Court directs the Clerk to remand civil

4

action number 4:16-cv-364, which now only includes Goins's claims against Jerome Brooks, to the Municipal Court of Columbus, Georgia.

IT IS SO ORDERED, this 20th day of December, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
